# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STACIE VAUGHN-BYSE,

    Plaintiff,                            CIVIL ACTION NO. 14-11251

   v.

                                      DISTRICT JUDGE ROBERT H. CLELAND
                                      MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

**II.    REPORT**

    **A.    Introduction and Procedural History**

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) on November 12, 2010, and Supplemental Security Income (SSI) benefits on June 24, 2011, alleging that she had been disabled and unable to work since April 20, 2010, at age 40, due to joint pain, migraine headaches and major depression. Benefits were initially denied by the

Social Security Administration. A requested de novo hearing was held on August 13, 2012, before Administrative Law Judge (ALJ) Gregory Holiday. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a reduced range of sedentary work. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

     Claimant was 40 years old at the time of the administrative hearing (TR 35). She had been graduated from high school, and had been employed as a Wayne County Sheriff's Deputy assigned to the county jail (TR 49). Plaintiff injured her back, neck and right shoulder in a February 2011, automobile accident. (TR 439). As a result of these injuries, claimant testified that she had difficulty reaching above her head and shoulders (TR 52). Joint pain prevented her from sitting, standing or walking for prolonged periods (TR 61-62, 68). Pain medications and physical therapy have allegedly proven ineffective (TR 65, 71). She also had a long history of migraine headaches, which occurred several times a month and lasted for up to four days at one time (TR 69). Whenever she experienced such headaches, she needed to lie down in a darkened room to help alleviate the pain (TR 69). Other impairments which prevented claimant from returning to work included periodic depression, crying spells and generalized anxiety (TR 72). While her depression has been a lifelong issue, Plaintiff explained that the condition has grown worse in the past five years (TR 72).

A Vocational Expert (VE), Harry Cynowa, classified Plaintiff's past work as sedentary to medium, semi-skilled activity (TR 35, 75). The witness explained that there would not be any jobs for claimant to perform if her testimony were fully accepted[1] (TR 77). If she were capable of sedentary work, however, there were numerous unskilled bench assembly, security monitor and packaging jobs that she could still perform with minimal vocational adjustment (TR 77). These jobs provided a sit-stand option, and would not require frequent climbing of ropes or scaffolds. There would be no need to perform overhead reaching, nor frequently handle objects with her right arm (TR 76). The jobs were performed in hazard free environments, and did not require following complex written or verbal communication. The VE added that only occasional judgment was needed to perform work assignments (TR 76).

**B.    ALJ's Findings**

The Administrative Law Judge found that Plaintiff was impaired as a result of migraine headaches, cervical disc disease, lumbar radiculopathy, a right rotator cuff tear, obesity and a major depressive disorder without psychotic features (TR 23). Claimant did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. Nevertheless, the ALJ determined that Plaintiff remained capable of performing a range of sedentary work that did not involve frequent stair, ladder or ramp climbing. She also could not reach above shoulder level with her right arm. Claimant further

---

[1] The witness opined that Plaintiff's alleged need to consistently miss two or more days of work per month would preclude work activity (TR 77).

required a sit-stand option at will. The Law Judge accommodated claimant's emotional difficulties by restricting her to jobs where she would only have to remember, understand, and carry out simple instructions while performing tasks with no more than occasional interaction with the public, supervisors or co-workers (TR 25). The ALJ found that Plaintiff retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

### C. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also

supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not support a conclusion that she remains capable of performing a limited range of sedentary work activity. She also argues that her back and depressive conditions were severe enough to meet the Listing of Impairments, and that Vocational Expert testimony of record was vague and incomplete. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain or mental difficulties.

### D.    Discussion and Analysis

After review of the record, I suggest that there is substantial evidence on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work. The medical evidence, as a whole, fails to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from her joint pain or depression.

Plaintiff initially alleges that the ALJ erred by not finding that her depression met section 12.04 of the Listing of Impairments. The Listing of Impairments describes, for each of the major body systems, medical illnesses which are considered severe enough to prevent

5

a person from doing any gainful activity. 20 C.F.R. § 404.1525(a) (2015). The regulations provide that when a claimant can prove that she suffers from an impairment that meets the duration requirement (12 months) and is listed in Appendix 1, the Commissioner must automatically find the claimant disabled, and should not go on to consider the claimant's age, education and work experience. 20 C.F.R. § 404. 1520(d) (2015). A claimant will not be found disabled under a listing, however, if there is a failure to satisfy any one of the criteria established for a particular impairment. King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984), 20 C.F.R. §404.1525(d).

In order to meet section 12.04 (depression), Plaintiff must demonstrate that she experienced two out of the following: marked restrictions of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. In the instant case, there is substantial evidence in the record supporting the ALJ's determination that Plaintiff experienced no episodes of decompensation, moderate difficulties in social functioning, and only mild restrictions in activities of daily living and concentration, persistence, or pace.

Medications reportedly helped alleviate claimant's depressive symptoms beginning in October 2010 (TR 598). She continued to look for work and to volunteer her time (TR 610, 616, 627). A treating psychiatrist stated that claimant did not suffer any psychotic episodes. She did not appear anxious, and there were no signs of personality changes

(TR 698). Plaintiff's conduct was said to be appropriate, and she got along well with co-workers, friends, care givers and service providers (TR 699). Claimant's stream of mental activity was spontaneous, logical, goal directed, well organized and non-delusional (TR 701). She was oriented to time, person and place. Her memory was normal, and she was able to calculate mathematical serial 7's countdowns without error (TR 702). Judgment was reportedly appropriate, and her abstract thinking was intact (TR 702). Plaintiff was also able to perform light cooking and cleaning, and concentration concerns did not prevent her from watching television (TR 705). I therefore suggest that substantial evidence supports the ALJ's finding that Plaintiff did not meet the criteria of meeting or equaling Listing 12.04.

Similarly, the claimant's back impairment fails to meet section 1.04 of the Listing of Impairments. Section 1.04A requires evidence of a disorder of the spine (such as a herniated nucleus pulposus, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, or vertebral fracture) resulting in the compromise of a nerve root or the spinal cord. There must also be evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion in the spine, and motor loss (atrophy with associated muscle weakness or muscle weakness alone) accompanied by sensory or reflex loss. If the lower back is involved, a positive straight leg raising test is required. See 20 C.F.R., Pt. 404, Subpt. P, App. 1, 1.04A.

Contrary to Plaintiff's assertion, I suggest that the medical evidence fails to demonstrate that her spinal impairment met or medically equaled <u>all</u> of the requirements of

Listing 1.04A. Following cervical spine fusion surgery in November 2011, claimant reported that her pain had dramatically decreased (TR 774). Two months later, Plaintiff's muscle tone and motor power were said to be normal, and there were no signs of atrophic changes (TR 708). Significantly, the medical record did not reveal any positive straight leg raising tests, as required under Listing 1.04A. Following her February 2011 automobile accident, claimant reported that she was essentially pain free after undergoing physical therapy (TR 616). Substantial evidence therefore supports the ALJ's determination that claimant's back condition was not severe enough to meet or equal Listing 1.04.

There is no objective medical evidence suggesting that she suffered severe side effects from pain medications, or that she needed to rest frequently throughout the day. The ALJ also took into consideration claimant's objectively proven functional limitations by restricting her to simple, routine jobs that did not require frequent climbing, overhead lifting or reaching above shoulder level with her right arm (TR 25, 76-77).

It is the rare case, indeed, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded

8

lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[2], the Vocational Expert testified that there were numerous unskilled bench assembly, security monitor and packaging jobs that she could still perform with minimal vocational adjustment (TR 77).  These jobs provided a sit-stand option, would not require frequent climbing of ropes or scaffolds, and did not involve overhead reaching or frequent handling of objects with the right arm (TR 76). They were performed in hazard free environments,  and did not require complex written or verbal communication.  The VE added that only occasional judgment was needed to perform work assignments (TR 76). Given the objective clinical findings of the examining physicians of record during the

---

[2]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain and depression.  The ALJ reasonably determined that claimant's on-going joint discomfort limited her to jobs that did not involve frequent climbing, or doing any overhead lifting. She was also limited to simple tasks that did not require complex thinking to accommodate her mental difficulties (TR 21).  The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions.  Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, I suggest that the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

relevant period, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a reduced range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

**III.   REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                          s/ Charles E Binder
                                                          CHARLES E. BINDER
Dated: July 30, 2015                                  United States Magistrate Judge